Office of the Clerk
### District Court
for the
Northern Mariana Islands
P.O. Box 500687
Saipan, MP 96950

Galo L. Perez
Clerk

Tel: (670) 236-2902
Facsimile: (670) 236-2910

June 8, 2007

Ms. Judith Hattori
Acting Clerk of Court
United States District Court
  for the District of Guam
United States Courthouse, 4th Floor
520 West Soledad Ave.
Hagatna, GU 96910-4950

**07-00060**

Re:    Criminal Case 04-00002-002
       U.S.A. -vs- Andrew K. Quiambao

Dear Ms. Hattori:

Our Clerk's Office is in receipt of the PROB 22 transfer of jurisdiction and order for the above entitled matter.

Enclosed are certified copies of the following documents:

1.    Indictment, filed February 25, 2004
2.    Plea Agreement, filed March 26, 2004
3.    Judgment in a Criminal Case, filed on July 1, 2004
4.    Amended Judgment in a Criminal Case, filed on August 19, 2004
5.    Motion to Vacate Under 28 U.S.C §2255, filed on January 25, 2006
6.    Order Denying Motion to Vacate, filed on February 23, 2006
7.    Notice of Appeal, filed on March 30, 2006
8.    Order Denying Motion for Certificate of Appealability, filed on April 3, 2006
9.    Stipulated Motion for a Writ of Continuing Garnishment, filed on June 5, 2007
10.   Writ of Continuing Garnishment, filed on June 5, 2007
11.   Transfer of Jurisdiction, filed on June 8, 2007
12.   Docket Sheet

Please acknowledge receipt on enclosed copy of this letter.

If you have any questions, please do not hesitate to call me.

Sincerely,

Tina P. Matsunaga
Deputy Clerk

Enclosures
xc:    U.S. Probation Office, District of Guam, c/o Robert I. Carreon
       U.S. Probation Office, District for the NMI, c/o Margarita Wonenberg
       U.S. Attorney's Office, District for the NMI, c/o Craig Moore
       U.S. Attorney's Office, District of Guam, c/o Marivic David



RECEIVED
JUN 12 2007
DISTRICT COURT OF GUAM
HAGATNA, GUAM

PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

DOCKET NUMBER *(Tran. Court)*
**CR 04-00002-002**

DOCKET NUMBER *(Rec. Court)*
**07-00060**

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|

**ANDREW K. QUIAMBAO**
c/o USPO Robert I. Carreon
District of Guam
U.S. Probation Office
2nd Floor, U.S. Courthouse
520 West Soledad Avenue
Hagatna, Guam 96910

DISTRICT
Northern Mariana Islands

DIVISION
**07-00060**

NAME OF SENTENCING JUDGE
**Honorable Alex R. Munson, Chief Judge**

| DATES OF SUPERVISION | FROM | TO |
|---|---|---|
| | **December 29, 2006** | **December 28, 2009** |

OFFENSE

**Conspiracy to Commit Arson**, ~~U.S.~~ C. § 844(n)

FILED
~~STAMPED IN ERROR~~
~~DISTRICT COURT OF GUAM~~
~~JUN 25 2007~~
~~STAMPED IN ERROR~~

MARY L. M. MORAN
CLERK OF COURT

COPY of
Original Filed
on this date

JUN - 8 2007

Clerk
District Court
For The Northern Mariana Islands

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ N/A _____ DISTRICT OF _____ the Northern Mariana Islands

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the **District of Guam** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

*6-5-07*
Date

*Alex R. Munson*
ALEX R. MUNSON
*United Sates District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ N/A _____ DISTRICT OF _____ **GUAM**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

*6-5-07*
Effective Date

A TRUE COPY
Certified this 8th day of June 20 07
By _____
(Deputy Clerk)

**ORIGINAL**

**FILED**
DISTRICT COURT OF GUAM

JUN 25 2007

MARY L.M. MORAN
CLERK OF COURT

F I L E D
Clerk
District Court

FEB 25 2004

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

07-00060

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. CR-04-00002 |
| Plaintiff, | **INDICTMENT** |
| v. | Title 18, U.S.C., § 844(n) -<br>Conspiracy to Commit Arson (Ct.1); |
| MARVIN LEON GUERRERO,<br>ANDREW QUIAMBAO and<br>JOHN PETER REYES MENDIOLA, | Title 18, U.S.C. §§ 844(i) & 2 - Arson:<br>Attempted Destruction of Interstate<br>Commerce Facility (Ct. 2);<br>Title 18, U.S.C. §§ 844(i) & 2 - Arson:<br>Destruction of Interstate Commerce Facility<br>(Ct. 3); |
| Defendants. | Title 18, U.S.C. §§ 844(f)(1) & 2 - Arson:<br>Attempted Destruction of Government<br>Property (Ct. 4); |
| | Title 18, U.S.C. §§ 844(f)(1) & 2 - Arson:<br>Destruction of Government Property (Ct. 5). |

THE GRAND JURY CHARGES:

### COUNT ONE

### CONSPIRACY TO COMMIT ARSON

1.    At all times relevant to this Indictment, Choice Radio, Inc. d/b/a "iConnect," maintained cellular telephone and two-way radio equipment (the "iConnect Equipment") in a building on Mt. Tapochau in Saipan, CNMI (the "iConnect Facility"). The iConnect Equipment carried telephone calls and radio transmissions in interstate and foreign commerce.

2.    At all times relevant to this Indictment, the Federal Bureau of Investigation, an agency of the United States, maintained communications equipment in the iConnect Facility (the "FBI Equipment").

A TRUE COPY
Certified this 8th day of June 20 07
By_____
(Deputy Clerk)

3. At all times relevant to this Indictment, the National Oceanic and Atmospheric Administration, an agency of the United States, maintained communications equipment in the iConnect Facility (the "NOAA Equipment").

4. From in or about November 2003 continuing to on or about February 7, 2004, in the District of the Northern Mariana Islands, and elsewhere, MARVIN LEON GUERRERO, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, the defendants, together with others known and unknown, unlawfully, wilfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to commit arson, in violation of Title 18, United States Code, Section 844(i), and in violation of Title 18, United States Code, Section 844(f)(1).

5. It was a part and object of said conspiracy that the defendants, MARVIN LEON GUERRERO, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, and their co-conspirators, unlawfully, wilfully and knowingly, would and did maliciously damage and destroy, and attempt to damage and destroy, by means of fire, a building and other real and personal property used in interstate and foreign commerce and in any activity affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 844(i).

6. It was further a part and object of said conspiracy that the defendants, MARVIN LEON GUERRERO, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, and their co-conspirators, unlawfully, wilfully and knowingly, would and did maliciously damage and destroy, and attempt to damage and destroy, by means of fire, a building and other real and personal property, in whole and in part owned and possessed by, and leased to, the United States, and any department and agency thereof, in violation of Title 18, United States Code, Section 844(f)(1).

## OVERT ACTS

7. In furtherance of said conspiracy and to effect the illegal objects thereof the defendants and their co-conspirators committed the following overt acts, among others, in the District of the Northern Mariana Islands and elsewhere:

-2-

a. In or about late November 2003, MARVIN LEON GUERRERO, the defendant, paid money to ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA the defendants, to finance a trip from Guam to Saipan, CNMI, for the purpose of destroying the iConnect Facility.

b. On or about November 28, 2003, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, the defendants, traveled from Guam to Saipan, CNMI.

c. On or about November 29, 2003, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, the defendants, attempted to burn down the iConnect Facility.

d. In or about late January 2004, MARVIN LEON GUERRERO, the defendant, promised more money to ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, the defendants, in return for destroying the iConnect Facility.

e. On or about February 6, 2004, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, the defendants, traveled from Guam to Saipan, CNMI.

f. On or about February 7, 2004, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, the defendants, purchased several items at Ace Hardware in Gualo Rai, Saipan, CNMI.

g. On or about February 7, 2004, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, the defendants, set fire to the iConnect Facility, which, together with the equipment housed inside, was destroyed in the explosion that followed.

(Title 18, United States Code, Sections 844(n)).

THE GRAND JURY FURTHER CHARGES:

## COUNT TWO

## ARSON: ATTEMPTED DESTRUCTION OF INTERSTATE COMMERCE FACILITY

8. The grand jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs one (1) through seven (7) as if fully set forth herein.

-3-

1         9.    On or about November 29, 2003, in the District of the Northern Mariana

2    Islands, MARVIN LEON GUERRERO, ANDREW QUIAMBAO and JOHN PETER REYES

3    MENDIOLA, the defendants, unlawfully, wilfully and knowingly, maliciously damaged and

4    destroyed, and attempted to damage and destroy, by means of fire, a building and other real and

5    personal property used in interstate and foreign commerce and in any activity affecting interstate

6    and foreign commerce, namely, MARVIN LEON GUERRERO, ANDREW QUIAMBAO and

7    JOHN PETER REYES MENDIOLA, the defendants, attempted to burn down the iConnect

8    Facility and destroy the iConnect Equipment housed inside by lighting it on fire.

9                 (Title 18, United States Code, Sections 844(i) and 2).

10   THE GRAND JURY FURTHER CHARGES:

11   <center>COUNT THREE</center>

12   <center>ARSON: DESTRUCTION OF INTERSTATE COMMERCE FACILITY</center>

13        10.    The grand jury realleges, adopts, and incorporates by reference herein, the

14   allegations contained in paragraphs one (1) through seven (7) as if fully set forth herein.

15        11.    On or February 7, 2004, in the District of the Northern Mariana Islands,

16   MARVIN LEON GUERRERO, ANDREW QUIAMBAO and JOHN PETER REYES

17   MENDIOLA, the defendants, unlawfully, wilfully and knowingly, maliciously damaged and

18   destroyed, and attempted to damage and destroy, by means of fire, a building, vehicle and other

19   real and personal property used in interstate and foreign commerce and in any activity affecting

20   interstate and foreign commerce, namely, MARVIN LEON GUERRERO, ANDREW

21   QUIAMBAO and JOHN PETER REYES MENDIOLA, used gasoline to start a fire in the

22   iConnect Facility, which, together with the iConnect Equipment housed inside, was destroyed in

23   the explosion that followed.

24                (Title 18, United States Code, Sections 844(i) and 2).

25

26

27

28

-4-

THE GRAND JURY FURTHER CHARGES:

## COUNT FOUR

## ARSON: ATTEMPTED DESTRUCTION OF GOVERNMENT PROPERTY

12. The grand jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs one (1) through seven (7) as if fully set forth herein.

13. On or about November 29, 2003, in the District of the Northern Mariana Islands, MARVIN LEON GUERRERO, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, the defendants, unlawfully, wilfully and knowingly, maliciously damaged and destroyed, and attempted to damage and destroy, by means of fire, a building and other real and personal property, in whole and in part owned and possessed by, and leased to, the United States, and any department and agency thereof, namely, MARVIN LEON GUERRERO, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, the defendants, attempted to burn down the iConnect Facility, which housed the FBI Equipment and the NOAA Equipment.

(Title 18, United States Code, Sections 844(f)(1) and 2).

THE GRAND JURY FURTHER CHARGES:

## COUNT FIVE

## ARSON: DESTRUCTION OF GOVERNMENT PROPERTY

14. The grand jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs one (1) through seven (7) as if fully set forth herein.

15. On or about February 7, 2004, in the District of the Northern Mariana Islands, MARVIN LEON GUERRERO, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, the defendants, unlawfully, wilfully and knowingly, maliciously damaged and destroyed, and attempted to damage and destroy, by means of fire, a building, vehicle and other real and personal property, in whole and in part owned and possessed by, and leased to, the United States, and any department and agency thereof, namely, MARVIN LEON GUERRERO, ANDREW QUIAMBAO and JOHN PETER REYES MENDIOLA, the defendants, used

-5-

gasoline to start a fire in the iConnect Facility, which, together with the FBI Equipment and NOAA Equipment housed inside, was destroyed in the explosion that followed.

<div align="center">(Title 18, United States Code, Sections 844(f)(1) and 2).</div>

DATED this 25th day of February, 2004.

A TRUE BILL.

_Jocolia T Sernan_
Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By:

PATRICK J. SMITH
Assistant United States Attorney

-6-

LEONARDO M. RAPADAS
United States Attorney
PATRICK J. SMITH
Assistant United States Attorney
DISTRICT OF THE NORTHERN
        MARIANA ISLANDS
Horiguchi Building, Third Floor
P. O. Box 500377
Saipan, MP 96950-0377
Telephone:   (670) 236-2952
Fax:        (670) 236-2985

Attorneys for United States of America

F I L E D
Clerk
District Court

MAR 26 2004

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
NORTHERN MARIANA ISLANDS

UNITED STATES OF AMERICA,     )   Criminal Case No. 04-0002
             Plaintiff,         )
                       )
        v.               )   **PLEA AGREEMENT**
                       )
ANDREW QUIAMBAO,        )
                       )
            Defendant.   )
                       )
                       )
                       )
_____)

     Pursuant to Rule 11(c)(1)(B), the United States and ANDREW QUIAMBAO enter into the following plea agreement:

         1.      On the understandings specified below, the Office of the United States Attorney for the Districts of Guam and the Northern Mariana Islands ("this Office") will accept a guilty plea from ANDREW QUIAMBAO (the "defendant") to Count One of the Indictment. Count One of the Indictment charges Conspiracy To Commit Arson, a violation of Title 18, U.S.C., § 844(n), in connection with the unlawful agreement to destroy by fire the communications equipment and government property located at the iConnect site on Mt. Tapochau, Saipan, CNMI from November 2003 through February 7, 2004.   This charge carries

A TRUE COPY
Certified this 8th day of June 20 07
By_____
(Deputy Clerk)

a maximum sentence of twenty years' imprisonment, a mandatory minimum term of five years' imprisonment, maximum term of three years' supervised release, a maximum fine, pursuant to Title 18, United States Code § 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense, and a mandatory $100 special assessment.

2.     It is further understood that the defendant shall make restitution to Choice Radio, Inc. d/b/a "iConnect," and the United States Government in an amount to be specified by the Court in accordance with 18 U.S.C. §§ 3663, 3663A and 3664. This amount shall be paid according to a plan established by the Court.

3.     It is understood that the defendant (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which this Office inquires of him, which information can be used for any purpose; (b) shall cooperate fully with this Office, the Federal Bureau of Investigation, and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests his presence; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request his testimony; (f) shall bring to this Office's attention all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and, (g) shall commit no further crimes whatsoever. Moreover, any assistance the defendant may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

4.     It is understood that this Office cannot, and does not, agree not to prosecute the defendant for criminal tax violations. However, if the defendant fully complies with the understandings specified in this Agreement, no testimony or other information given by him (or any other information directly or indirectly derived therefrom) will be used against him in any criminal tax prosecution. Moreover, if the defendant fully complies with the

-2-

understandings specified in this Agreement, he will not be further prosecuted criminally by this Office for any crimes, except for criminal tax violations, related to his participation in the conduct described in the Indictment, to the extent that he has disclosed such participation to this Office as of the date of this Agreement. Further, the Government will move to dismiss all open counts after imposition of sentence. This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

5.    In consideration of the foregoing and pursuant to Sentencing Guidelines §6B1.4, the parties hereby stipulate that the Guidelines should apply as follows:

Offense Level

a.    The base offense level for the offense charged in Count One is 24 because the relevant conduct included the destruction of an infrastructure facility. U.S.S.G. § 2K1.4(a)(1).

b.    No other specific offense characteristics or adjustments are applicable.

c.    If the defendant allocutes to the crimes charged in Count One of the Indictment to the satisfaction of the Court, a two-level reduction in the offense level for acceptance of responsibility is warranted under U.S.S.G. § 3E1.1.

d.    If the defendant's plea of guilty is accepted by the Court on or before March 26, 2004, the Government will move for the additional one point reduction in the offense under U.S.S.G. § 3E1.1(b).

e.    The applicable Guidelines offense level for is therefore 21.

Criminal History Category

f.    Based upon the information now available to this Office (including representations by the defense), the defendant has no relevant criminal history.

g.    In accordance with the above, the defendant's Criminal History Category is I.

-3-

## Sentencing Range

        h.     Based upon the calculations set forth above, the defendant's stipulated sentencing Guidelines range is 37 to 46 months' imprisonment. This stipulated sentencing Guidelines range will be applicable only if the Government moves for relief from the mandatory minimum penalties under Title 18, United States Code, Section 3553(e) (Limited Authority To Impose A Sentence Below Statutory Minimum). Absent such a motion, the Guidelines sentence will be five years' imprisonment.

        i.     In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to § 5E1.2. At Guidelines level 21, the applicable fine range is $7,500 to $75,000.

        6.     It is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of the defendant to the attention of other prosecuting offices, if requested by him.

        7.     It is understood that the sentence to be imposed upon the defendant is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive, and will not recommend any specific sentence to the Court. However, this Office will inform the Probation Department and the Court of (a) this Agreement; (b) the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which this Office deems relevant to sentencing; and (c) the nature and extent of the defendant's cooperation with this Office. In so doing, this Office may use any information it deems relevant, including information provided by the defendant both prior to and subsequent to the signing of this Agreement. In addition, if this Office determines that the defendant has provided substantial assistance in an investigation or prosecution, and if he has fully complied with the understandings specified in this Agreement, this Office will file a motion, pursuant to Section 5K1.1 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(e), requesting the Court to sentence the defendant in light of the factors set forth in Section 5K1.1(a)(1)-(5). It is understood that, even if such a motion is filed, the sentence to be imposed on the defendant remains within the sole discretion of the

-4-

1    Court. Moreover, nothing in this Agreement limits this Office's right to present any facts and
2    make any arguments relevant to sentencing to the Probation Department and the Court, or to take
3    any position on post-sentencing motions. The defendant hereby consents to such adjournments
4    of his sentence as may be requested by this Office.

5           8.      It is understood that, should this Office determine either that the defendant
6    has not provided substantial assistance in an investigation or prosecution, or that the defendant
7    has violated any provision of this Agreement, such a determination will release this Office from
8    any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and Title
9    18, United States Code, Section 3553(e), but will not entitle the defendant to withdraw his guilty
10   plea once it has been entered.

11          9.      It is understood that, should this Office determine, subsequent to the filing
12   of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and Title 18, United States
13   Code, Section 3553(e), that the defendant has violated any provision of this Agreement, this
14   Office shall have the right to withdraw such motion.

15          10.     It is understood that, should the defendant commit any further crimes or
16   should it be determined that he has given false, incomplete, or misleading testimony or
17   information, or should he otherwise violate any provision of this Agreement, the defendant shall
18   thereafter be subject to prosecution for any federal criminal violation of which this Office has
19   knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-
20   barred by the applicable statute of limitations on the date of the signing of this Agreement may be
21   commenced against the defendant, notwithstanding the expiration of the statute of limitations
22   between the signing of this Agreement and the commencement of such prosecution. It is the
23   intent of this Agreement to waive all defenses based on the statute of limitations with respect to
24   any prosecution that is not time-barred on the date that this Agreement is signed.

25          11.     It is understood that in the event that it is determined that the defendant
26   has committed any further crimes, given false, incomplete, or misleading testimony or
27   information, or otherwise violated any provision of this Agreement, (a) all statements made by
28   the defendant to this Office or other designated law enforcement agents, and any testimony given

-5-

1  by the defendant before a grand jury or other tribunal, whether prior to or subsequent to the
2  signing of this Agreement, and any leads from such statements or testimony shall be admissible
3  in evidence in any criminal proceeding brought against the defendant; and (b) the defendant shall
4  assert no claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal
5  Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal
6  rule that such statements or any leads therefrom should be suppressed. It is the intent of this
7  Agreement to waive all rights in the foregoing respects.

8        12.    The defendant further understands that to establish the offense of
9  conspiracy to commit to commit arson, a violation of Title 18, United States Code, Section
10  844(n), as charged in Count One of the Indictment, the government must prove each of the
11  following elements beyond a reasonable doubt:

12        a.    First, there was an agreement between two or more persons to
13  commit at least one crime as charged in Count One of the Indictment;

14        b.    Second, the defendant became a member of the conspiracy
15  knowing of at least one of its objects and intending to help accomplish it; and

16        c.    Third, one of the members of the conspiracy performed at least
17  one overt act for the purpose of carrying out the conspiracy.

18        13.    The defendant acknowledges that he has been advised of his rights as set
19  forth below prior to entering into this plea agreement. Specifically, defendant has been fully
20  advised of, has had sufficient opportunity to reflect upon, and understands the following:

21        a.    the nature and elements of the charges and the mandatory
22  minimum penalty provided by law and the maximum possible penalty provided by law;

23        b.    his right to be represented by an attorney;

24        c.    his right to plead not guilty and the right to be tried by a jury and at
25  that trial, the right to be represented by counsel, the right to confront and cross-examine
26  witnesses against him, and the right not to be compelled to incriminate himself, that is, the right
27  not to testify;

28

-6-

d. that if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial; and

e. that, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue.

14. Being fully advised of his rights as set forth in the preceding paragraph, the defendant represents that:

a. the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

b. he reads, speaks, writes and understands English and has read and understood the this agreement or has had a qualified interpreter read the agreement to him in a language that he understands, and that he fully understood such translation; and

c. he is satisfied with the representation provided to him by his counsel.

15. It is further agreed (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence of five years' imprisonment or less and (ii) that the Government will not appeal any sentence of five years or above. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

16. It is further agreed that the defendant, pursuant to Title 18, United States Code, Section 3143(a)(2) is not eligible for bail pending sentencing given the nature of the offense. Accordingly, the defendant shall surrender to the United States Marshals Service within six weeks of the entry of his plea of guilty under this Agreement. The defendant shall make not make a motion for release without the written consent of this Office.

-7-

17. This Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.


DATED: 03-26-04

ANDREW QUIAMBAO
Defendant


DATED: 3/26/04

JOHN GORMAN, ESQ.
Attorney for Defendant


LEONARDO M. RAPADAS
United States Attorney
District of the Northern Mariana Islands


DATED: 3/26/04

By: PATRICK J. SMITH
Assistant U.S. Attorney

-8-

# United States District Court

## District of the Northern Mariana Islands

UNITED STATES OF AMERICA

**V.**

ANDREW QUIAMBAO

### JUDGMENT IN A CRIMINAL CASE

Case Number:  **CR-04-00002-002**

USM Number:  **02426-093**

**F I L E D**
Clerk
District Court

**John T. Gorman, Esq.**
Defendant's Attorney

**JUL - 1 2004**

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## THE DEFENDANT:

☑ pleaded guilty to count(s)    **I**

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §844(n) | Conspiracy to Commit Arson | 02/07/2004 | I |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  II through V  ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

07/01/2004
Date of Imposition of Judgment

_____
Signature of Judge

Honorable, Alex R. Munson, Chief Judge
Name and Title of Judge

7-1-2004
Date

A TRUE COPY

Certified this 8th day of June 20 07

By _____
(Deputy Clerk)

48

DEFENDANT:    **ANDREW QUIAMBAO**
CASE NUMBER:  **CR-04-00002-002**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  **37 Months**

☑  The court makes the following recommendations to the Bureau of Prisons:
   **That, if possible, the defendant be incarcerated at the FCI Sheridan Facility.  While in prison, the defendant shall participate in a financial management program and any voacational programs as approved by the Bureau of Prisons.  Further, that the defendant shall participate in a 500 hour drug treatment program.**

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at _____ ☐ a.m. ☐ p.m.  on _____ .

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 p.m. on _____ .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:    **ANDREW QUIAMBAO**
CASE NUMBER:  **CR-04-00002-002**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :  **Three years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

   future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a

   student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:    **ANDREW QUIAMBAO**
CASE NUMBER:    **CR-04-00002-002**

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state, or local crime;

2. That the defendant shall not use or possess illegal controlled substances and shall submit to one (1) urinalysis within 15 days of the commencement of his term of supervised release;

3. The defendant shall comply with the standard conditions of Supervised Release as set forth by the U.S. Sentencing Commission;

4. The defendant shall not possess a firearm or other dangerous weapon;

5. The defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. It is further ordered that the defendant shall make a co-payment to the program at a rate to be determined by the U.S. Probation Office; and

6. The defendant shall perform 200 hours of community service.

DEFENDANT:    **ANDREW QUIAMBAO**
CASE NUMBER:    **CR-04-00002-002**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 567,396.54 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Choice Radio, Inc. | $316,200.92 | $316,200.92 | 100% |
| CGU International Insurance PLC | $160,000.00 | $160,000.00 | 100% |
| Motorola | $45,931.62 | $45,931.62 | 100% |
| **TOTALS** | $    567,396.54 | $    567,396.54 | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     **ANDREW QUIAMBAO**
CASE NUMBER:   **CR-04-00002-002**

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Federal Bureau of Investigations | $45,264.00 | $45,264.00 | 100% |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:    **ANDREW QUIAMBAO**
CASE NUMBER:    **CR-04-00002-002**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    ☑ Lump sum payment of $ ____567,496.54____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**    ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Marvin Deleon Guerrero -    CR-04-00002-001    $ 567,396.54

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

(NOTE: Identify Changes with Asterisks (*))

# United States District Court

District of the Northern Mariana Islands

FILED
Clerk
District Court

UNITED STATES OF AMERICA

v.

ANDREW QUIAMBAO

## AMENDED JUDGMENT IN A CRIMINAL CASE

AUG 19 2004

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Case Number: **CR-04-00002-002**
USM Number: **02426-093**
**John T. Gorman, Esq.**
Defendant's Attorney

**Date of Original Judgment:** _____07/01/2004_____
(Or Date of Last Amended Judgment)

### Reason for Amendment:
- [ ] Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- [ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- [x] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- [ ] Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant [ ] 28 U.S.C. § 2255 or [ ] 18 U.S.C. § 3559(c)(7)
- [ ] Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:
- [x] pleaded guilty to count(s)    **I**
- [ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
- [ ] was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §844(n) | Conspiracy to Commmit Arson | 02/07/2004 | 1 |

The defendant is sentenced as provided in pages 2 through _____5_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) _____
- [x] Count(s) **II through V** [ ] is [x] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

08/19/2004
Date of Imposition of Judgment

_Alex R. Munson_
Signature of Judge

Honorable, Alex R. Munson, Chief Judge
Name and Title of Judge

8-19-04
Date

A TRUE COPY
Certified this 8th day of June 20 07
By_____
(Deputy Clerk)

64

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT:     ANDREW QUIAMBAO
CASE NUMBER:   CR-04-00002-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term **37 months**

☑  The court makes the following recommendations to the Bureau of Prisons:
    **That, if possible, the defendant be incarcerated at the FCI Sheridan Facility.  While in prison, the defendant shall participate in a financial management program and any vocational programs as approved by the Bureau of Prisons.  Further, that the defendant shall participate in a 500 hours drug treatment program.**

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐  a.m.  ☐  p.m.  on  _____

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  _____  to  _____

a  _____  with a certified copy of this judgment.

_____

                                       UNITED STATES MARSHAL

By  _____

                                   DEPUTY UNITED STATES MARSHAL

DEFENDANT:      ANDREW QUIAMBAO
CASE NUMBER:    CR-04-00002-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    **Three years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT:    ANDREW QUIAMBAO
CASE NUMBER:    CR-04-00002-002

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state, or local crime;

2. That the defendant shall not use or possess illegal controlled substances and shall submit to one (1) urinalysis within 15 days of the commencement of his term of supervised release;

3. The defendant shall comply with the standard conditions of Supervised Release as set forth by the U.S. Sentencing Commission;

4. The defendant shall not possess a firearm or other dangerous weapon;

5. The defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. It is further ordered that the defendant shall make a co-payment to the program at a rate to be determined by the U.S. Probation Office; and

6. The defendant shall perform 200 hours of community service.

DEFENDANT:  ANDREW QUIAMBAO
CASE NUMBER:  CR-04-00002-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 567,396.54 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Choice Radio, Inc. | $316,200.92 | $316,200.92 | 100% |
| CGU International Insurance PL | $160,000.00 | $160,000.00 | 100% |
| Motorola | $45,931.62 | $45,931.62 | 100% |
| Federal Bureau of Investigations | $45,264.00 | $45,264.00 | 100% |
| TOTALS | $ 567,396.54 | $ 567,396.54 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐  the interest requirement is waived for  ☐ fine  ☐ restitution.

    ☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **ANDREW QUIAMBAO**
CASE NUMBER: **CR-04-00002-002**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ ___567,496.54___ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

      **1. Marvin Deleon Guerrero - CR-04-00002-001**   **$567,396.54**
    * **2. John Peter Reyes Mendiola - CR-04-00002-003**   **$567,396.54**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 1:04-cr-00002   Document 68   Filed 01/25/2006   Page 1 of 6 **F I L E D**
Clerk
District Court

JAN 2 5 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District IN THE U.S. DIST. COURT FOR THE NORTHERN DISTRICT OF MARIANA ISLANDS | |
|---|---|---|
| Name of Movant ANDREW K. QUIAMBAO | Prisoner No. 02426-093 | Case No. CR-4-00002-02 |

Place of Confinement
F.C.I. LOMPOC LOW, LOMPOC, CALIFORNIA-93436

**CV 06 - 0004**

UNITED STATES OF AMERICA     V.     ANDREW K. QUIAMBAO
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S. DISTRICT COURT IN THE NORTHERN DISTRICT OF MARIANA ISLANDS

2. Date of judgment of conviction JULY 1ST, 2004

3. Length of sentence 37 (MONTHS)

4. Nature of offense involved (all counts) CONSPIRACY TO COMMIT ARSON UNDER TITLE 18 U.S.C. SECTION 844(n).

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A
   "
   "

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐ N/A
   (b) Judge only ☐ N/A

   Did you testify at the trial?
   Yes ☐ No ☒

   you appeal from the judgment of conviction?
   ☐ No ☒

A TRUE COPY
Certified this 8th day of June 20 07
By_____ Deputy Clerk

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court _____ N/A

(b) Result _____ N/A

(c) Date of result _____ N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____ N/A

(2) Nature of proceeding _____ N/A
_____ "

(3) Grounds raised _____ N/A
_____ "
_____ "
_____ "
_____ "

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐
N/A    N/A

(5) Result _____ N/A

(6) Date of result _____ N/A

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____ N/A

(2) Nature of proceeding _____ N/A
_____ "

(3) Grounds raised _____ N/A
_____ "
_____ "
_____ "
_____ "

(3)

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐
N/A    N/A                          N/A

(5) Result_____

N/A

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition,
application or motion?    N/A    N/A
(1) First petition, etc.        Yes ☐ No ☐
(2) Second petition, etc.    Yes ☐ No ☐
N/A    N/A

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A
_____
"
_____
"
_____
"
_____
"
_____
"
_____
"
_____
"
_____
"
_____
"
_____
"
_____
"

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or
treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach
pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional
grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each
statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have
other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which
you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The
motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of
the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.