PROB 12B
(4/07)

# UNITED STATES DISTRICT COURT

for

District of Guam

## Report for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Andrew Kekoa Quiambao**　　Case Number: **CR 07-00060-001**

Name of Sentencing Judicial Officer:　Honorable Alex R. Munson

Date of Original Sentence:　July 1, 2004

Original Offense:　Conspiracy to Commit Arson, in violation of 18 U.S.C. § 844(n).

Original Sentence:　37 month imprisonment, followed by a three year term of supervised release with conditions: not commit another federal, state, or local crime; not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm, destructive device, or any other dangerous weapon; cooperate in the collection of DNA; comply with the standard conditions of supervision; participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol; perform 200 hours of community service; pay a $100 special assessment fee; and pay $567,396.54 in restitution joint and several with Marvin Deleon Guerrero and John Peter Reyes Mendiola. **Transfer of Jurisdiction** to the District Court of Guam on June 5, 2007.

Type of Supervision:　Supervised Release　　Date Supervision Commenced:　December 29, 2006

## PETITIONING THE COURT

☐　To extend the term of supervision for　　　years, for a total term of　　　years.

☒　To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Quiambao's history of drug use, and the drug detection period of his drug of choice. As marijuana is Mr. Quiambao's current drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Quiambao. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Mr. Quiambao must submit. It is therefore recommended that the mandatory condition be modified as follows:

> *"The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."*

Mr. Quiambao completed the year long drug treatment and testing program on January 22, 2008, completed his community service requirement on June 21, 2007, paid his $100 special assessment fee on January 22, 2005 and submitted to a DNA sample of his blood on August 28, 2006 while in the custody of the Bureau of Prisons. In addition, Mr. Quiambao makes regular payments towards his restitution obligation via garnishment. His balance as of February 22, 2008, remains at $565,294.72. In addition, he maintains full time employment as a property manager. Furthermore, he submits his monthly supervision reports in a timely manner.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Quiambao's consent to the modification.

Reviewed by:             Respectfully submitted,

/s/ CARMEN D. O'MALLAN      by:    /s/ JOHN W. SAN NICOLAS II
U.S. Probation Officer Specialist               U.S. Probation Officer
Supervision Unit Leader

Date: March 14, 2008               Date: March 14, 2008

THE COURT ORDERS

[ ] No Action

[ ] The Extension of Supervision as Noted Above.

[x] The Modification of Conditions as Noted Above.

[ ] Other     Issuance of a:    [ ] Summons    [ ] Warrant

**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Mar 20, 2008**